UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRUCE ROBINSON,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | No. 3:10-CV-405<br>(Phillips/Guyton) |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 20] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 19]. Magistrate Judge Guyton found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning May 1, 2007. The claim was denied by the administrative law judge (ALJ) on September 16, 2009. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review

of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ failed to perform an evaluation of his mental impairments and their effect on his ability to work. The ALJ found that plaintiff did not have any medically determinable mental impairments. No treating, consultative or reviewing physician opined that plaintiff suffered from any mental impairments which affected his ability to work. Because the record does not support plaintiff's allegation that he suffered from a medically determinable mental impairment, it was not necessary for the ALJ to order a consultative examination. *See Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir. 1986) ("The regulations do no require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."). Plaintiff's objection is overruled.

Next, plaintiff argues that the ALJ failed to consider his complaints of pain. As noted by the magistrate judge, the evidence in the record including the circumstances of the plaintiff's discharge from St. Mary's Pain Center and the findings of Dr. Jeffrey Summers, Dr. Michael Ryan, and Dr. Marvin Cohn support the ALJ's conclusion that plaintiff's subjective allegations of disabling pain were not fully credible.

-2-

Case 3:10-cv-00405-TWP-HBG   Document 21   Filed 12/01/11   Page 2 of 4   PageID #: 113

Dr. Summers examined plaintiff and noted that he had normal strength at major muscle groups, normal muscle mass, and normal sensation. Grip strength was 5/5 bilaterally, and manual dexterity and finger abilities were intact. Dr. Summers observed decreased range of motion at the lumbar spine and left hip and antalgic gait. He opined that plaintiff would have difficulty lifting greater than 20 pounds on a frequent basis, as well as standing and walking for more than 45 minutes continuously or more than six hours total in a workday. He further opined that plaintiff could perform sedentary and low to moderate intensity level activities in a working environment.

Dr. Ryan, after a review of plaintiff's medical records, opined that he could lift/carry a maximum of 20 pounds occasionally, ten pounds frequently; stand/walk for a total of about six hours in an eight-hour workday; and sit for a total of six hours in an eight-hour workday. Dr. Cohn also reviewed the medical evidence and opined that plaintiff could lift/carry a maximum of 20 pounds occasionally, ten pounds frequently; stand/walk for a total of six hours in an eight-hour workday; and sit for a total of six hours in an eight-hour workday. All of these medical opinions are consistent with the ALJ's finding that plaintiff's allegations of pain were not fully credible, and that plaintiff was capable of performing a range of sedentary work. Plaintiff's objection is overruled.

Last, plaintiff argues that the ALJ failed to consider the effects of his hand impairment on his ability to work. As stated above, Dr. Summers examined plaintiff and noted that his grip strength was 5/5 bilaterally, and his manual dexterity and finger abilities

were intact. The ALJ presented a hypothetical to the vocational expert of an individual who was limited to occasional use of the dominant upper extremity, with regards to handling and fingering. The vocational expert opined that such an individual would be able to work as a telephone solicitor, receptionist, information clerk and general office clerk. I find that substantial evidence supports the assumptions included in the ALJ's hypothetical question to the VE. A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987).

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

<u>    s/ Thomas W. Phillips    </u>
United States District Judge